# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

March 16, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

In Re*:* K.G.

No. 14-1016 (Taylor County 14-JA-12)

## MEMORANDUM DECISION

Petitioner Mother, by counsel Dennis Kittle, appeals the Circuit Court of Taylor County's September 8, 2014, order terminating her parental rights to one-year-old K.G. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Nelson, filed a response on behalf of K.G. that supports the circuit court's order. On appeal, Petitioner Mother argues that the circuit court erred in terminating her parental rights and denying her post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2013, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused drugs during her pregnancy, abdicated her parental responsibilities, failed to supply the children with necessary food, clothing, shelter, supervision, medical care, or education, and that there was domestic violence in the household. Thereafter, the circuit court granted petitioner an improvement period followed by a three-month extension. In February of 2014, the circuit court terminated petitioner's parental rights to her older children because she failed to participate in her improvement period.

In March of 2014, the DHHR filed an abuse and neglect petition alleging that petitioner's parental rights to her older children were involuntarily terminated. The petition further alleged that petitioner continued to abuse illegal drugs, failed to regularly take K.G. to his pediatrician, and failed to supply K.G. with age appropriate nutrition. In August of 2014, petitioner admitted (1) that she was aware that it was inappropriate to feed K.G., then two-months-old, solid foods but did so anyway, and (2) that she used illegal drugs throughout her pregnancy with K.G. Accordingly, the circuit court found that petitioner was an abusive and neglectful parent. Further, the circuit court directed petitioner to participate in random drug testing.

In July of 2014, the circuit court held an adjudicatory hearing and found that petitioner failed to submit to eighteen drug tests and further failed to remedy the conditions of abuse and neglect that led to the prior involuntary termination of her parental rights to her older children.

1

Ultimately, the circuit court terminated petitioner's parental rights to K.G. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

Petitioner argues that the circuit court erred in terminating her parental rights because she corrected the circumstances that led to the termination of her parental rights to her older children. We have previously held as follows:

[w]here there has been a prior involuntary termination of parental rights to a sibling, the issue of whether the parent has remedied the problems which led to the prior involuntary termination sufficient to parent a subsequently-born child must, at minimum, be reviewed by a court, and such review should be initiated on a petition pursuant to the provisions governing the procedure in cases of child neglect or abuse set forth in West Virginia Code §§ 49–6–1 to –12 (1998). Although the requirement that such a petition be filed does not mandate termination in all circumstances, the legislature has reduced the minimum threshold of evidence necessary for termination where one of the factors outlined in West Virginia Code § 49–6–5b(a) (1998) is present.

*In re Kyiah P.*, 213 W.Va. 424, 427, 582 S.E.2d 871, 874 (2003) (quoting Syl. Pt. 2, *In the Matter of George Glen B.*, 205 W.Va. 435, 518 S.E.2d 863 (1999)). In this matter, the circuit court clearly met the above requirement to review whether or not petitioner had remedied the problems that led to the prior involuntary termination of her parental rights.

Petitioner's prior involuntary termination was based, in part, upon petitioner's illegal drug use during the pregnancy of one of her older children and her failure to participate in an improvement period. The instant abuse and neglect petition was initiated, in part, upon petitioner's continued drug use. The record notes that petitioner admitted to using illegal drugs

during her the entire term of her pregnancy with K.G. While petitioner attended parenting classes and participated in supervised visitation during the improvement period, the record also shows that she failed to submit to eighteen drug tests as directed by the circuit court. Accordingly, the circuit court did not err in finding that petitioner failed to remedy the underlying conditions of abuse that led to her prior involuntary termination of parental rights, as her substance abuse issues persisted throughout the proceedings below.

Petitioner also argues that the circuit court erred in denying her post-termination visitation because she has a strong emotional bond with K.G. We have previously stated that

> [w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest.

Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995). In this case, petitioner admitted to feeding her two-month-old child solid foods and failing to seek regular medical care for K.G. The record is devoid of any evidence that petitioner and K.G. had an emotional bond. K.G. was two-months-old when he was removed from petitioner's care and six-months-old when petitioner's parental rights were terminated. "Our cases indicate that a close emotion bond generally takes several years to develop." *In re Alyssa W.*, 217 W.Va. 707, 711, 619 S.E.2d 220, 224 (2005). The record also shows that K.G. was in the care of his paternal grandparents during the underlying proceedings. Petitioner failed to present any evidence that post-termination visitation would not be detrimental to K.G.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 8, 2014, order is hereby affirmed.

Affirmed.

**ISSUED:** March 16, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II